MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LUIS MANUEL ARCHUNDIA and NOE
SOBERANES HERNANDEZ, *individually
and on behalf of others similarly situated,*

                          *Plaintiffs,*

    -against-

V.G.V.K. CORP. (d/b/a FRESCO DELI CAFE
),GEORGE KAVALLIERTATOS and ALEX
KAVALLIERTATOS

                          *Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Luis Manuel Archundia and Noe Soberanes Hernandez individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Defendants V.G.V.K. Corp. (d/b/a Fresco Deli cafe ) (the "Defendant Corporation"), and George Kavalliertatos , and Alex Kavalliertatos (the "Individual Defendants") allege as follows:

## NATURE OF THE ACTION

1.  This is an action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2.  Plaintiffs are former employees of the Defendants.

3.  Defendants own, operate, and/or control a full service deli/restaurant located at 33-06 Queens Boulevard, Long Island City, New York 11101 under the name of Fresco Deli cafe.

4.  Plaintiffs were primarily employed by the Defendants as delivery workers, but they were required to spend a considerable part of the work day performing non-tipped duties unrelated to deliveries, including various deli/restaurant duties such as sweeping and mopping the deli/restaurant, cleaning the 10 tables where people eat, checking and taking out the garbage bags from the cans and carrying them upstairs and placing them in a larger garbage can, receiving and bringing up deliveries (vegetables, meats, cans, sodas, juices etc) to the storage area and stocking the items in the refrigerators and other storage areas, bringing down sodas and juices from the storage area and refilling the refrigerator, bringing down, boiling and peeling potatoes, cutting potatoes into home fries, taking them upstairs and placing them in the refrigerator, cleaning the bathroom and adding toilet paper and soap as needed, crushing cardboard and bringing down boxes of bags of potato chips and placing the bags in the stands.

5.  At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations, including, but not limited to, requiring Plaintiffs and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.. In fact, Defendants did not pay these Plaintiffs for the hours they worked.

6. Defendants employed and accounted for the Plaintiffs as deliverers in their payroll, when in fact their duties required greater or equal time spent in non-tipped functions such as those alleged above.

7. Regardless, at all times Defendants paid these Plaintiffs at the tip-credit rate.

8. Furthermore, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

9. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate, and to enable them to pay Plaintiffs below the lower tip-credited rate by designating them as deliverers instead of non-tipped employees.

10. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.

11. Plaintiffs bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

12. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); the FLSA, 29 U.S.C. §§ 201 *et seq.*; 28 U.S.C. § 1337 (interstate commerce); and has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli/restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

15. Plaintiff Luis Manuel Archundia ("Archundia") is an adult individual residing in Queens County, New York. Archundia was employed by the Defendants from approximately September 2010 until February 21, 2012.

16. Plaintiff Noe Soberanes Hernandez ("Hernandez") is an adult individual residing in Queens County, New York. Hernandez was employed by the Defendants from approximately May 2011 until February 22, 2012.

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a full service deli/restaurant located at 33-06 Queens Boulevard, Long Island City, New York 11101, under the name of Fresco Deli cafe.

18. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

19. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

20. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

21. Upon information and belief, V.G.V.K. Corp. (d/b/a Fresco Deli cafe ) is a Corporation organized and existing under the laws of the State of New York, and maintains a principal place of business in New York.

22. Defendant George Kavalliertatos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Kavalliertatos is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation. Defendant George Kavalliertatos possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant Alex Kavalliertatos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Kavalliertatos is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

Defendant Alex Kavalliertatos possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate a full-service deli/restaurant located in the Long Island City section of Queens, New York.

25. Defendants maintain as their principal place of business a centralized office, located at 33-06 Queens Boulevard, Long Island City, New York 11101.

26. The Individual Defendants, George and Alex Kavalliertatos, possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over the Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiffs, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed the Plaintiffs, and all similarly situated individuals, and were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30. In the alternative, the Defendants constitute a single employer of the Plaintiffs and/or similarly situated individuals.

31. Upon information and belief, Individual Defendants George and Alex Kavalliertatos operate V.G.V.K. Corp. (d/b/a Fresco Deli cafe) as either an alter ego of themselves, and/or fail to operate V.G.V.K. Corp. . (d/b/a Fresco Deli cafe Cafe) as an entity legally separate and apart from themselves, by among other things,

   a. failing to adhere to the corporate formalities necessary to operate V.G.V.K. Corp. . (d/b/a Fresco Deli cafe) as a corporation,

   b. defectively forming or maintaining the corporate entity of V.G.V.K. Corp. . (d/b/a Fresco Deli cafe), by amongst other things failing to hold annual meetings or maintaining appropriate corporate records,

   c. transferring assets and debts freely as between all Defendants,

   d. operating V.G.V.K. Corp. . (d/b/a Fresco Deli cafe) for their own benefit as the sole or majority shareholders,

   e. operating V.G.V.K. Corp. . (d/b/a Fresco Deli cafe) for their own benefit and maintaining control over it as a closed corporation,

   f. intermingling assets and debts of their own with V.G.V.K. Corp. . (d/b/a Fresco Deli cafe),

   g. diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests, and

    h. other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were the Plaintiffs' employer within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

33. In each year from 2009 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli/restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

35. The Plaintiffs were former employees of the Defendants, who were primarily employed in performing a variety of restaurant tasks, such as delivery, sweeping and mopping the deli/restaurant, cleaning the 10 tables where people eat, checking and taking out the garbage bags from the cans and carrying them upstairs and placing them in a larger garbage can, receiving and bringing up deliveries (vegetables, meats, cans, sodas, juices etc)to the storage area and stocking the items in the refrigerators and other storage areas, bringing down sodas and juices from the storage area and refilling the refrigerator, bringing down, boiling and peeling potatoes, cutting potatoes into home fries, taking them upstairs and placing them in the refrigerator, cleaning the bathroom and adding toilet paper and soap as needed, crushing cardboard and bringing down boxes of bags of potato chips and placing the bags in the stands.

36. They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Luis Manuel Archundia*

37. Archundia was employed by the Defendants from approximately October 2010 until February 21, 2012.

38. Defendants ostensibly employed Archundia as a deliverer. However, Archundia was required to perform additional, non-delivery duties such as sweeping and mopping the deli/restaurant, cleaning the 10 tables where people eat, checking and taking out the garbage bags from the cans and carrying them upstairs and placing them in a larger garbage can, receiving and bringing up deliveries (vegetables, meats, cans, sodas, juices etc)to the storage area and stocking the items in the refrigerators and other storage areas, bringing down sodas and juices from the storage area and refill the fefrigerator, bringing down, boiling and peeling potatoes, cutting potatoes into home fries, taking them upstairs and plaicing them in the refrigerator, cleaning the bathrrom and adding toilet paper and soap as needed, crushing cardboard and bringing down boxes of bags of potato chips and placing the bags in the stands.

39. Although Archundia was ostensibly employed as a deliverer, he spent over two hours of each day performing non-delivery work throughout his employment with Defendants.

40. Archundia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41. Archundia's work duties required neither discretion nor independent judgment.

42. Throughout his employment with Defendants, Archundia regularly worked in excess of 40 hours per week.

43. From approximately October 2010 until February 21, 2012, Archundia worked a schedule from 6:30 a.m. to 4:30 p.m. Mondays through Fridays (typically 50 hours per week).

44. Throughout his employment with the Defendants, Archundia was paid his wages in cash.

45. From approximately October 2010 until February 21, 2012, Archundia was paid a fixed salary of $170.00 per week.

46. Archundia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. Archundia was never notified by the Defendants that his tips were being included as an offset for wages.

48. Defendants did not account for these tips in any daily or weekly accounting of Archundia's wages.

49. Archundia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign-in sheets or punch cards, that accurately reflected his actual hours worked.

50. Defendants did not provide Archundia with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

51. No notification, either in the form of posted notices, or other means, was given to Archundia regarding overtime and wages under the FLSA and NYLL.

### *Plaintiff Noe Soberanes Hernandez*

52. Hernandez was employed by the Defendants from approximately May 2011 until February 2012.

53. Defendants ostensibly employed Hernandez as a deliverer. However, Hernandez was also required to perform additional, non-delivery duties such as sweeping and mopping the deli/restaurant, cleaning the 10 tables where people eat, checking and taking out the garbage bags from the cans and carrying them upstairs and placing them in a larger garbage can, receiving and bringing up deliveries (vegetables, meats, cans, sodas, juices etc)to the storage area and stocking the items in the refrigerators and other storage areas, bringing down sodas and juices from the storage area and refilling the refrigerator, bringing down, boiling and peeling potatoes, cutting potatoes into home fries, taking them upstairs and placing them in the refrigerator, cleaning the bathroom and adding toilet paper and soap as needed, crushing cardboard and bringing down boxes of bags of potato chips and placing the bags in the stands.

54. Although Hernandez was ostensibly employed as a deliverer, he spent over four hours of each day performing non-delivery work throughout his employment with Defendants.

55. Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

56. Hernandez's work duties required neither discretion nor independent judgment.

57. Throughout his employment with Defendants, Hernandez regularly worked in excess of 40 hours per week.

58. From approximately May 2011 until February 22, 2012, Hernandez worked a schedule from 6:30 a.m. to 4:30 p.m. Mondays through Fridays ( typically 60 hours per week).

59. Throughout his employment with the Defendants, Hernandez was paid his wages in cash.

60. From approximately May 2011 until February 2012, Hernandez was paid a fixed salary of $170 per week.

61. Hernandez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

62. Hernandez was never notified by the Defendants that his tips were being included as an offset for wages.

63. Defendants did not account for these tips in any daily or weekly accounting of Hernandez's wages.

64. Hernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

65. Defendants did not provide Hernandez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

66. No notification, either in the form of posted notices, or other means, was given to Hernandez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

47. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

48. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

49. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former deliverymen.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Plaintiffs were paid entirely in cash.

52. Defendants failed to post required wage and hour posters in the restaurant/shop, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

54. Defendants required the Plaintiffs to perform the jobs of multiple employees in addition to their primary responsibilities as deliverers, such as the non-delivery tasks alleged above.

55. The Plaintiffs were employed ostensibly as tipped employees by Defendants, when in fact their actual duties included greater or equal time spent in non-tipped functions such as those alleged above.

56. The Plaintiffs were paid at the lowered tip-credited rate by Defendants, when in fact under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

57. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips were not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

58. Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time was devoted to a non-tipped occupation.

59. Plaintiffs' duties were not incidental to their occupation as deliverers, but instead constituted entirely unrelated occupations with non-delivery duties such as those alleged above.

60. In violation of federal and state law cited above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

61. Defendants failed to inform the Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

62. At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

63. Defendants failed to maintain a record of the tips earned by Plaintiffs for the deliveries they made to customers.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

66. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

67. The claims of Plaintiffs stated herein are similar to those of the putative FLSA class members.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

68. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69. Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

72. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73. Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

74. Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

76. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77. Defendants, paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

78. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

79. Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

82. Defendants' failure to pay Plaintiffs was willful within the meaning of NYLL § 663.

83. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

86. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

87. Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Violation of the Timely Payment Provisions of the NYLL)

97. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98. Defendants failed to pay Plaintiffs in a timely fashion, as required by NYLL § 191.

99. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Violation of the Unauthorized Deduction Provisions of the NYLL)

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants made unauthorized deductions from Plaintiffs' wages, in violation of § 193.

102. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(k)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(m)     Declaring that Defendants have violated section 191 of the New York Labor Law;

(n)     Declaring that Defendants have violated section 193 of the New York Labor Law;

(o)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

(q)     Awarding Plaintiffs and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and the NYLL; and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 6, 2012

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
        Michael Faillace

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*